UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
ABDUL GREENE,                   )
                                )
     Plaintiff,                 )
                                )
     v.                         )      Civil Action No. 12-109 (RWR)
                                )
JODY SHEGAN,                    )
                                )
     Defendant.                 )
_____)
```

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Abdul Greene brings various claims of misconduct against Metropolitan Police Department Officer Jody Shegan. Shegan objects to Magistrate Judge Alan Kay's memorandum order granting Greene's motion to compel discovery from the District of Columbia.  Shegan also moves for a stay of Magistrate Judge Kay's memorandum order pending resolution of Shegan's objections to the memorandum order, or in the alternative, for a protective order. In addition, Greene moves to have the docket reflect that the District of Columbia is a defendant in this matter.  Because the magistrate judge's decision was not clearly erroneous or contrary to law, Shegan's objections will be overruled.  Since Shegan fails to demonstrate good cause for a protective order, his motion will be denied.  Because the District of Columbia is a defendant, Greene's motion will be granted.

-2-

BACKGROUND

Greene filed a complaint against Shegan in both Shegan's individual and official capacities in the D.C. Superior Court. Compl. ¶ 4.  Greene's complaint did not name the District of Columbia as a defendant.  However, Greene served Mayor Vincent Gray and District of Columbia Attorney General Irvin Nathan with a copy of the summons and complaint.  Pl.'s Reply to Def.'s Opp'n to Mot. to Compel D.C. to Respond to Pl.'s Disc. Reqs., Ex. 1. Shegan removed the case to this court.

Greene served discovery requests on the District of Columbia.  Pl.'s Mot. to Compel D.C. to Respond to Pl.'s Disc. Reqs., Ex. 1.  The District of Columbia refused to respond to the requests arguing that it is not a party in this matter.  Id., Ex. 2.  Greene filed a motion to compel the District of Columbia to respond to his discovery requests.  In his memorandum order, Magistrate Judge Kay found that the District of Columbia had notice of the action, having been timely served with a copy of the summons and complaint.  He also held that since Shegan was sued in his official capacity, the District of Columbia is a defendant in this matter, citing Kentucky v. Graham, 473 U.S. 159 (1985), and Atchinson v. District of Columbia, 73 F.3d 418 (D.C. Cir. 1996).  Mem. Order, Sept. 21, 2012 at 3-4.

Shegan now objects to the magistrate judge's ruling on the motion to compel for three reasons.  First, Shegan argues that

-3-

service of the complaint and summons on the District of Columbia

alone did not give the District of Columbia notice of Greene's

suit.[1]   Shegan's Obj'ns to and Mot. for Review of Magistrate

Judge Alan Kay's Sept. 21, 2012 Order at 6-7.   Second, Shegan

argues that Magistrate Judge Kay erred in applying Graham to this

case because Graham is meant to apply only to suits against

officials who hold positions at a level high enough that the

official may be considered the alter ego of the State.   Id. at

8-10.   Third, Shegan urges that the District of Columbia did not

have an opportunity to respond to Greene's complaint since Greene

did not name the District of Columbia as a defendant and, as an

unnamed party, the District of Columbia could not make filings

through the electronic case filing system.   Id. at 7.   Greene

counters that the District of Columbia had notice of the suit

because it was served with a copy of the summons and the

complaint that named Shegan in his official capacity.   Pl.'s Mem.

of P. & A. in Opp'n to the Obj'ns of Jody Shegan to the

Magistrate's Order Granting Pl.'s Mot. to Compel at 2.   Greene

further argues that the District of Columbia had an opportunity

to respond to his complaint by filing a responsive pleading in

person at the Clerk's Office.   Id. at 2-3.   Greene urges that

---

[1] Before Magistrate Judge Kay, Shegan maintained that the
District of Columbia had not been "served with the Summons and
Complaint as a party."   Def.'s Opp'n to Mot. to Compel at 4.
Now, however, Shegan's argument assumes that the District was
served with a copy of the summons and the complaint.

-4-

Shegan misinterpreted <u>Graham</u> and that a suit against Shegan in his official capacity is a suit against the District of Columbia. <u>Id.</u> at 3-4.

Shegan also moves for a stay of Magistrate Judge Kay's memorandum order pending resolution of Shegan's objections to the memorandum order, or in the alternative, for a protective order. Greene opposes.

Greene meanwhile moves to have the docket reflect that the District of Columbia is a defendant in this matter.  Shegan argues that the motion should be denied because the District of Columbia is not a defendant.  <u>See</u> Def.'s Opp'n to Pl.'s Mot. to Have the Docket Reflect that the D.C. is a Def. at 2.

DISCUSSION

I.   OBJECTIONS, AND LISTING THE DISTRICT AS A DEFENDANT

Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.2(b) allow a party to object to a magistrate judge's decision. "[A] district judge may modify or set aside any portion of a magistrate judge's order . . . found to be clearly erroneous or contrary to law."  LCvR 72.2(c); <u>see also</u> <u>Payne v. District of Columbia</u>, 859 F. Supp. 2d 125, 130-31 (D.D.C. 2012) ("A magistrate judge's findings are entitled to great deference, . . . and may be modified or set aside only if found to be clearly erroneous or contrary to law[.]" (internal quotation marks omitted)).

-5-

Official capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  <u>Kentucky v. Graham</u>, 473 U.S. at 165-66 (quoting <u>Monell v. Dep't of Soc. Servs. of N.Y.C.</u>, 436 U.S. 658, 690 n.55 (1978)).  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  <u>Id.</u> at 166.  A court treats suits against officials in their official capacities as suits against the state because an official capacity suit "is not a suit against the official personally, for the real party in interest is the entity."  <u>Id.</u>; <u>see also</u> <u>Atchinson</u>, 73 F.3d at 424.

Shegan maintains that serving the District of Columbia in line with the procedure set forth in the rules of the Superior Court of the District of Columbia[2] did not provide the District of Columbia with sufficient notice or an opportunity to respond. Shegan does not identify any authority to support his novel position, and case law in this district is to the contrary.  <u>See, e.g.</u>, <u>Waker v. Brown</u>, 754 F. Supp. 2d 62, 64-65 (D.D.C. 2010) (substituting the District of Columbia for defendants sued in their official capacities although the plaintiff had served the

---

[2] D.C. Super. Ct. R. Civ. P. 4(j)(1) ("Service shall be made upon the District of Columbia by delivering . . . or mailing . . . a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the [Attorney General] of the District of Columbia (or designee).").

-6-

Mayor of the District of Columbia but not the Attorney General for the District of Columbia); Bennett v. Henderson, Civil Action No. 10-1680 (RWR), 2011 WL 285871 at *1 n.3 (D.D.C. Jan. 28, 2011) ("Because the plaintiff served the . . . Attorney General, the District of Columbia [had] sufficient notice of this action." (citing Henderson v. Williams, Civil Action No. 05-1966 (RWR), 2007 WL 778937 (D.D.C. Mar. 12, 2007))).  Likewise, Shegan did not cite any precedent to support his assertion that Graham applies only to high level officials under an alter ego theory. Moreover, Shegan errs in asserting that the District of Columbia could not file a responsive pleading without being a named defendant in this matter.  See United States District Court for the District of Columbia, Electronic Case Filing System User's Manual at 22-23 (2010).  Third parties can submit civil documents to the Clerk's Office by email and, when electronic case filing is not available, users may bring "a hard copy and electronic version of the pleading to the Courthouse and file it in person[.]"  Id.

Here, Officer Shegan was sued in his official capacity, the District of Columbia received notice of the suit when Greene served the Mayor and the Attorney General with a copy of the summons and complaint, and the District of Columbia had an opportunity to respond.  While Greene could easily have avoided all ambiguity by simply naming the District of Columbia in the

-7-

complaint as a defendant from the beginning, the District of

Columbia is a real party in interest.  It was not clearly

erroneous for the magistrate judge to find that the District of

Columbia is a defendant in this matter and grant Greene's motion

to compel discovery from the District of Columbia.  In addition,

the District of Columbia shall be listed on the docket as a

defendant.[3]

---

[3] Shegan opposes Greene's motion to list the District of Columbia
on the docket as a defendant claiming that Greene failed to
comply with Local Civil Rule 7(m) before filing this motion.
Local Rule 7(m) requires that

> [b]efore filing any nondispositive motion in a civil
> action, counsel shall discuss the anticipated motion
> with opposing counsel . . . in a good-faith effort to
> determine whether there is any opposition to the relief
> sought and, if there is opposition, to narrow the areas
> of disagreement. . . .  A party shall include in its
> motion a statement that the required discussion
> occurred, and a statement as to whether the motion is
> opposed.

LCvR 7(m).  Greene's motion states that "[p]rior to filing this
motion, plaintiff's counsel discussed this matter with opposing
counsel and they take the position that the District is not a
defendant in this case."  Pl.'s Mot. to Have the Docket Reflect
that the D.C. is a Def. at 2.  Shegan states, and Greene does not
rebut, that although the parties discussed whether the District
of Columbia is a defendant, Shegan "did not know that Plaintiff
intended to file the instant motion until it was received through
the electronic filing notice."  Def.'s Opp'n to Pl.'s Mot. to
Have the Docket Reflect that the D.C. is a Def. at 1.  While
Greene's counsel could have avoided any ambiguity by plainly
stating in the discussion that he would file this motion, he did
include in his motion that he discussed with opposing counsel the
subject of the motion, and determined that his position was
opposed.  As Shegan does not contest the accuracy of Greene's
representations, Greene's motion will not be dismissed on this
ground.

-8-

II.  MOTION FOR A PROTECTIVE ORDER

Federal Rule of Civil Procedure 26(c) provides that upon a motion, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  The movant bears the burden of showing good cause.  Klayman v. Judicial Watch, Inc., 247 F.R.D. 19, 22 (D.D.C. 2007) (citing Alexander v. FBI, 186 F.R.D. 71, 75 (D.D.C. 1998)).  Here, Shegan offers no good cause or explanation as to why the court should issue a protective order.  His motion for a protective order, then, will be denied.

CONCLUSION AND ORDER

Because Magistrate Judge Kay's memorandum order granting Greene's motion to compel discovery from the District of Columbia was not clearly erroneous or contrary to law, Shegan's objections will be overruled.  Because the District of Columbia is a defendant, Greene's motion to name the District of Columbia as a defendant on the docket will be granted.  Since Shegan fails to allege good cause for a protective order under Rule 26(c), his motion will be denied.  Accordingly, it is hereby

ORDERED that Shegan's objections [26] to Magistrate Judge Kay's memorandum order be, and hereby are, OVERRULED.  It is further

ORDERED that Greene's motion [16] to have the docket reflect that the District of Columbia is a defendant in this matter be,

-9-

and hereby is, GRANTED.  The Clerk is directed to list the

District of Columbia as a defendant on the docket in this matter.

It is further

ORDERED that Shegan's motion [27] to stay Magistrate Judge

Kay's September 21, 2012 memorandum order or, in the alternative,

for a protective order be, and hereby is, DENIED.

SIGNED this 22nd day of January, 2013.


                          _____/s/_____
                          RICHARD W. ROBERTS
                          United States District Judge