UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
ABDUL GREENE,                   )
                                )
       Plaintiff,               )
                                )
       v.                       )     Civil Action No. 12-109 (RWR)
                                )
JODY SHEGAN, et al.,            )
                                )
       Defendants.              )
_____)
```

MEMORANDUM OPINION AND ORDER

Plaintiff Abdul Greene brings common law tort and 42 U.S.C. § 1983 damages claims against Metropolitan Police Department ("MPD") Officer Jody Shegan and the District of Columbia ("District") following Shegan's arrest of Greene.  The District moves to dismiss Greene's common law claims against it under Federal of Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment arguing that Greene did not provide notice of his claims to the District before filing this action, as is required by D.C. Code § 12-309.  Because the District had sufficient notice of Greene's claims, the District's motion to dismiss or for summary judgment will be denied.

BACKGROUND

Greene's complaint makes the following allegations.  In November of 2010, Greene hosted a private party at Roses Dream Lounge in Northeast, Washington, D.C. to celebrate his wife's birthday.  Compl. ¶ 7.  Around 1:30 a.m. on November 6, 2010,

-2-

Greene "began escorting some of his guests to their cars which were parked in the surrounding area." Id. ¶ 8.  As Greene was returning to Roses Dream Lounge, Shegan drove a marked MPD cruiser down the street toward Greene.  Shegan yelled at Greene to move out of the street.  Id. ¶ 9.  However, it was difficult for Greene to move out of the street because he was positioned between Shegan's cruiser and a parked van.  Shegan got out of his car and continued to yell at Greene.  Shegan "then grabbed the plaintiff by the arm, which he twisted behind plaintiff's back, and then threw plaintiff against the parked van." Id.  In front of his family and friends, Greene was handcuffed and made to stand near Shegan's cruiser for approximately 25 minutes.  Id. ¶ 10.

The next day, Greene registered a complaint with MPD officials about the incident.  As a result of his e-mail, the Internal Affairs Division ("IAD") of the MPD investigated Greene's complaint.  The IAD issued a report of its investigation in November 2010.  See D.C.'s Mot. to Dismiss Pl.'s Compl. and/or Mot. for Summ. Judg. ("D.C.'s Mot."), Ex. 4 (MPD IAD Report of Investigation ("IAD Report")).

-3-

Greene's complaint seeks damages from the defendants[1] for false arrest and false imprisonment, intentional infliction of emotional distress, and assault and battery.  The complaint also includes a claim against Shegan under 42 U.S.C. § 1983 alleging that Shegan violated Greene's rights under the Fourth Amendment of the U.S. Constitution.

The District moves to dismiss Greene's common law claims against it or, in the alternative for summary judgment arguing that Greene did not comply with the mandatory statutory notice prerequisites before bringing suit against the District.[2]

DISCUSSION

A court may dismiss a case for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).

---

[1] Greene's complaint initially named as a defendant only Shegan, although in both his individual and official capacities. The District was later added as a defendant because a suit against a government official in his official capacity is treated as a suit against the government entity since the "real party in interest is the entity."  See Greene v. Shegan, Civil Action No. 12-109 (RWR), 2013 WL 238892, at *2 (D.D.C. Jan. 22, 2013) (internal quotation marks omitted).

[2] The District also moves to dismiss Greene's § 1983 claim against it.  Although Greene's complaint names Shegan in his official capacity as well as individually and includes a claim against Shegan under 42 U.S.C. § 1983, Greene "unequivocally states" in his opposition to the District's motion to dismiss "that he is not pursuing a constitutional claim against the District of Columbia pursuant to 42 U.S.C. § 1983 or otherwise. The only claims being pursued against the District of Columbia are common law claims."  Pl.'s Opp'n at 2.  Any claim stated in the complaint under § 1983 against the District will be deemed withdrawn.

-4-

If on such a motion, "matters outside the pleadings are presented
to and not excluded by the court, the motion must be treated as
one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d);
see also Highland Renovation Corp. v. Hanover Ins. Grp., 620 F.
Supp. 2d 79, 82 (D.D.C. 2009). Here, the District submitted the
IAD report as an attachment to its motion and Greene relies on it
in his opposition. However, the report was not attached to
Greene's complaint and the complaint does not refer to it. Thus,
the defendant's motion to dismiss will be treated as a motion for
summary judgment. Summary judgment may be granted when "the
movant shows that there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(a); see also Moore v. Hartman, 571 F.3d 62, 66
(D.C. Cir. 2009).

The District argues that it is entitled to judgment as a
matter of law on Greene's common law claims because Greene failed
to provide timely and proper notice of his claims under D.C. Code
§ 12-309. Section 12-309 provides that:

> An action may not be maintained against the District of
> Columbia for unliquidated damages to person or property
> unless, within six months after the injury or damage
> was sustained, the claimant, his agent, or attorney has
> given notice in writing to the Mayor of the District of
> Columbia of the approximate time, place, cause, and
> circumstances of the injury or damage. A report in
> writing by the Metropolitan Police Department, in
> regular course of duty, is a sufficient notice under
> this section.

-5-

D.C. Code § 12-309.  "'The purpose of § 12-309 is to (1) protect the District of Columbia against unreasonable claims and (2) to give reasonable notice to the District of Columbia so that the facts may be ascertained and, if possible, deserving claims adjudicated and meritless claims resisted.'"  Maldonado v. District of Columbia, Civil Action No. 11-1473 (BAH), 2013 WL 632964, at *6 (D.D.C. Feb. 21, 2013) (quoting R. v. District of Columbia, 370 F. Supp. 2d 267, 271 (D.D.C. 2005)).

The notification requirement is strictly applied, and the provision is "'construed narrowly against claimants.'"  Snowder v. District of Columbia, 949 A.2d 590, 600 (D.C. 2008) (quoting Gross v. District of Columbia, 734 A.2d 1077, 1081 (D.C. 1999)); see also District of Columbia v. Dunmore, 662 A.2d 1356, 1359 (D.C. 1995).  As such, there are only two types of notice that can satisfy the requirements of D.C. Code § 12-309: "(1) a written notice to the Mayor of the District of Columbia, or (2) a police report prepared in the regular course of duty." Blocker-Burnette v. District of Columbia, 730 F. Supp. 2d 200, 204 (D.D.C. 2010) (citing Brown v. District of Columbia, 251 F. Supp. 2d 152, 165 (D.D.C. 2003)).

Greene argues that the IAD report was created by the MPD in the regular course of duty within six months of the incident between Greene and Shegan and thus satisfies the D.C. Code § 12-309 requirements.  The District does not dispute that the IAD

-6-

report, which was dated and signed by both the IAD investigator

and his supervisor in November 2010, was prepared within six

months of the November 6, 2010 incident.  The District also does

not dispute, as it cannot, that the IAD report is a "report

created in the regular course of duty."  See <u>Jones v. District of</u>

<u>Columbia</u>, 879 F. Supp. 2d 69, 80 (D.D.C. 2012) (stating that "IAD

generated reports are reports created in the regular course of

duty").  Instead, the District argues that the IAD report is

"devoid of any notice as to what injuries [Greene] allegedly

sustained as a result" of the November 6, 2010 incident.  <u>See</u>

D.C.'s Mot., D.C.'s Mem. of P. & A. in Supp. of its Mot. to

Dismiss Pl.'s Compl. and/or Mot. for Summ. Judg. at 6-7.

> To satisfy D.C. Code § 12-309, a police report
>
> must contain the same information that is required in
> any other notice given under the statute.  <u>Campbell v.</u>
> <u>District of Columbia</u>, 568 A.2d 1076, 1078-1079 (D.C.
> 1990).  Thus, in order to be considered a sufficient
> notice, a police report must include, in the words of
> the statute, "the approximate time, place, cause, and
> circumstances of the injury or damage."  <u>See, e.g.</u>,
> <u>Miller v. Spencer</u>, 330 A.2d 250, 252 (D.C. 1974).

<u>Doe by Fein v. District of Columbia</u>, 697 A.2d 23, 27 (D.C. 1997).

"[A] police report . . . sets forth 'cause' within the meaning of

§ 12-309 [only] 'if it recites facts from which it could be

reasonably anticipated that a claim against the District might

arise.'"  <u>Doe by Fein v. District of Columbia</u>, 93 F.3d 861, 875

(D.C. Cir. 1996) (quoting <u>Pitts v. District of Columbia</u>, 391 A.2d

803, 809 (D.C. 1978)); <u>see also Washington v. District of</u>

Columbia, 429 A.2d 1362, 1366 (D.C. 1981) (en banc) (explaining that a notice sets forth cause "if it either characterize[s] the injury and assert[s] the right to recovery, or without asserting a claim describe[s] the injuring event with sufficient detail to reveal, in itself, a basis for the District's potential liability"). A report provides the circumstances of the injury or damage if it provides sufficient detail "for the District to conduct a prompt, properly focused investigation of the claim." Washington, 429 A.2d at 1366.

Here, the IAD report includes the approximate time and place of the incident. Namely, it specifies "November 6, 2010, at appropriately 0130 hours" near the "'Roses Dream Lounge,' located at 1370 H Street Northeast[.]" IAD Report at 1.

The IAD report also describes the injuring event in sufficient detail to reveal a basis for the District's potential liability. The report contains Greene's allegation that Shegan used unnecessary force in twisting Greene's arm and throwing him up against a van, that Shegan handcuffed and purported to arrest Greene without cause, that Shegan and other MPD officers verbally abused and berated Greene, and that Greene's family and friends witnessed the event. In this context, the report gave the District sufficient detail to be put on notice that it might be sued for assault and battery, false arrest and imprisonment, and intentional infliction of emotional distress.

-8-

Finally, the circumstances described in the report are sufficient to have allowed the District to conduct a prompt, properly focused investigation.  The report identifies Greene by badge number and duty station, and lists his attorney by name and telephone numbers.  It also provides the names of the MPD officers allegedly involved in the incident and states that Greene provided a list of witnesses that the District could interview in investigating the incident.  Since the IAD report reflects the time, place, cause, and circumstances of Greene's alleged injury, the District's motion will be denied.

<u>CONCLUSION AND ORDER</u>

The IAD report satisfied the D.C. Code § 12-309 requirement that the District receive notice of Greene's claims before Greene filed a damage action.  Accordingly, it is hereby

ORDERED that the District of Columbia's motion [32] to dismiss or, alternatively, for summary judgment be, and hereby is, DENIED.

SIGNED this 1st day of May, 2013.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge