UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
ABDUL GREENE,                   )
                                )
        Plaintiff,              )
                                )
        v.                      )   Civil Action No. 12-109 (RWR)
                                )
JODY SHEGAN, <u>et al.</u>,            )
                                )
        Defendants.             )
_____)

<u>MEMORANDUM OPINION</u>

Plaintiff Abdul Greene filed an action asserting common law claims of false arrest, assault and battery, and intentional infliction of emotional distress, and a claim under 42 U.S.C. § 1983 of deprivation under color of law of the constitutional right to be free from unreasonable seizure, all stemming from an encounter with Metropolitan Police Officer Jody Shegan in 2010. Defendants Shegan and the District of Columbia filed a post-discovery motion for summary judgment, arguing that probable cause for arresting Greene shielded Shegan with qualified immunity from liability, that Shegan used reasonable force to effect the lawful arrest, and that Greene's factual allegations of intentional infliction of emotional distress are insufficient as a matter of law.  The Court heard arguments on the motion on August 11, 2015.  Because genuine disputes existed over material facts bearing on whether probable cause existed to arrest and use force against Greene and whether Shegan's actions could

amount to extreme and outrageous conduct, the defendants' motion for summary judgment was denied.  This memorandum opinion memorializes the findings and conclusions announced at the hearing.

### DISCUSSION

The defendants moved under Federal Rule of Civil Procedure 56(a) for summary judgment on all of Greene's claims.  Summary judgment may be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is genuine where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). At summary judgment stage, a court must view the conflicting evidence and draw all reasonable inferences from it in the light most favorable to the nonmoving party.  Id. at 255.

I.   QUALIFIED IMMUNITY

The first of the defendants' three principal arguments advanced was that the undisputed facts show that Officer Shegan had probable cause to arrest Greene.  The defendants claimed that the presence of probable cause entitled Officer Shegan to qualified immunity from Greene's 42 U.S.C. § 1983 claim, and voided Greene's false arrest/false imprisonment claim.  Defs.'

Mem. of P. & A. in Supp. of Defs.' Mot. for Summ. J. ("Defs.'
Mem. of P. & A."), ECF No. 43-1 at 5-8.

"The doctrine of qualified immunity protects government
officials 'from liability for civil damages insofar as their
conduct does not violate clearly established statutory or
constitutional rights of which a reasonable person would have
known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting
Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  To resolve a
government official's qualified immunity claim, "a court must
decide [(1)] whether the facts that the plaintiff has alleged or
shown make out a violation of a constitutional right . . . [and
(2)] whether the right at issue was 'clearly established' at the
time of the defendant's alleged misconduct."  Id. at 232
(internal citations omitted).

It was well established when this event occurred that the
Fourth Amendment prohibits unreasonable searches and seizures.
An arrest without probable cause is an unreasonable seizure that
violates the Fourth Amendment.  Martin v. Malhoyt, 830 F.2d 237,
262 (D.C. Cir. 1987).  Under D.C. law,

> [t]he focal point of [a false arrest or false
> imprisonment] action is the question whether the
> arresting officer was justified in ordering the arrest
> of the plaintiff; if so, the conduct of the arresting
> officer is privileged and the action fails. . . .

> Justification can be established by showing that there
> was probable cause for arrest of the plaintiff on the
> grounds charged.

Dellums v. Powell, 566 F.2d 167, 175 (D.C. Cir. 1977).

"Probable cause to make an arrest requires a showing that
the police had 'enough information to warrant a man of
reasonable caution in the belief that a crime has been committed
and that the person arrested has committed it.'"  Barham v.
Ramsey, 434 F.3d 565, 572 (D.C. Cir. 2006) (quoting United
States v. Short, 570 F.2d 1051, 1053 (D.C. Cir. 1978) (internal
quotation marks and citation omitted)).  Under Title 18 of the
District of Columbia Municipal Regulations ("DCMR"), § 2000.2, no
pedestrian "shall fail or refuse to comply with any lawful order
or direction of any police officer."  Officer Shegan said that
he drove up to Greene and told Greene to get out of the street;
that Greene kept walking in the street after Shegan told Greene
several times to stop; and that Shegan then arrested Greene for
failing to comply with Shegan's order.  Def. Jody Shegan's
Resps. to Pl.'s First Set of Interrogs., Ex. 3, Defs.' Mot. for
Summ. J., at 3.  But Greene countered that when Officer Shegan
told Greene to move out of the street, Greene replied that he
was trying to move but was unable to do so because he could not
get around Shegan's car.  See Pl.'s Mem. of P. & A. in Opp'n to
Defs.' Mot. for Summ. J. ("Pl.'s Mem. of P. & A."), ECF No. 44
at 2.

A reasonable jury could credit Greene's version that it was factually impossible to comply with Shegan's order, and that could negate probable cause for arresting Greene for failure to comply.  That is not unlike the case of Dingle v. District of Columbia, 571 F. Supp. 2d 87 (D.D.C. 2008), where the plaintiff said that an officer did not give the plaintiff a chance to comply under § 2000.2 with the officer's order to disperse before the officer pounced upon the plaintiff.  Because there is a genuine dispute of material fact regarding whether Shegan had probable cause to arrest Greene for violating 18 DCMR § 2000.2, summary judgment on Greene's § 1983 and false arrest/false imprisonment claims was not warranted.

II.   POLICE USE OF FORCE

The defendants' second principal argument was that they were entitled to summary judgment on Greene's assault and battery claim because Shegan was entitled to use reasonable force to arrest Greene.  Defs.' Mem. of P. & A. at 9-10.  An assault "is an intentional and unlawful attempt or threat, either by words or by acts, to do physical harm to the victim.  A battery is an intentional act that causes a harmful or offensive bodily contact."  Etheredge v. District of Columbia, 635 A.2d 908, 916 (D.C. 1993) (internal citations and quotation omitted).  "A police officer has a qualified privilege to use reasonable force to effect an arrest, provided that the means employed are not

'in excess of those which the actor reasonably believes to be necessary.'" Id. (quoting Jackson v. District of Columbia, 412 A.2d 948, 955 (D.C. 1980)).  Because there is a genuine dispute of material fact regarding whether Shegan had probable cause to arrest Greene for violating 18 DCMR § 2000.2, the defendants were not entitled to summary judgment on the claim that Shegan had a qualified privilege to use force to arrest Greene.

The defendants also sought summary judgment noting that Greene presented no expert evidence to show that Shegan used unreasonable force to arrest Greene.  They argued that how to conduct and effect an arrest is distinctly related to a police officer's profession and is too technical for a lay juror to understand without expert testimony.  Defs.' Mem. of P. & A. at 11-12.  "[E]xpert testimony is required when the subject presented is 'so distinctly related to some science, profession, business or occupation as to be beyond the ken of the average layman.'"  District of Columbia v. White, 442 A.2d 159, 164 (D.C. 1982) (quoting Matthews v. District of Columbia, 387 A.2d 731, 734-735 (D.C. 1978)).  Expert testimony on the procedures police are taught to follow in conducting arrests is "admitted routinely[.]"  Steele v. D.C. Tiger Market, 854 A.2d 175, 183 (D.C. 2004).  However, even if the defendants were to present facts at trial establishing that Shegan had probable cause to arrest Greene, expert testimony would not be required to prove

an assault and battery claim and establish that Shegan used unreasonable force to arrest Greene.  For example, in Smith v. District of Columbia, 882 A.2d 778, 792 (D.C. 2005), the D.C. Court of Appeals held that expert witness testimony was not required to make out an assault and battery claim that arose from a police officer using excessive force in arresting the plaintiff.  And, in Tillman v. Washington Metropolitan Area Transit Authority, 695 A.2d 94, 97 (D.C. 1997), the court suggested that the plaintiff could show that a police officer used excessive force in handcuffing the plaintiff by offering *either* expert testimony *or* "evidence of police department regulations governing the use of handcuffs[.]"  Thus, Greene's lack of expert evidence regarding the use of force during an arrest did not entitle the defendants to summary judgment.

III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The defendants' third principal argument was that Shegan's conduct, even as described by Greene, was not sufficiently extreme or outrageous to establish a claim of intentional infliction of emotional distress.  "To establish a *prima facie* case of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) either intentionally or recklessly (3) causes the plaintiff severe emotional distress." Larijani v. Georgetown University, 791 A.2d 41, 44 (D.C. 2002).

The defendants challenged only the first prong of this three-prong test.[1]

The D.C. Court of Appeals has explained that to state an intentional infliction of emotional distress claim, the conduct alleged must be "'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Kotsch v. District of Columbia, 924 A.2d 1040, 1046 (D.C. 1982) (quoting Restatement (Second) of Torts § 46, cmt. d (1965)).  The D.C. Court of Appeals has also discussed in Drejza v. Vaccaro, 650 A.2d 1308, 1314 (1994), how a police officer's abuse of his position of authority may be considered "outrageous conduct." However, Comment d to the Restatement (Second) of Torts § 46 explains that even where the defendant abuses a position of power, "the actor [is still] not . . . liable for mere insults, indignities, or annoyances that are not extreme or outrageous."

As it has been construed in the District of Columbia, the tort of intentional infliction of emotional distress sets a very high bar for satisfying the requisite level of outrageousness. That bar was not met in cases the defendants cited from the D.C.

---

[1]    A single, dismissive sentence in the defendants' reply brief mentioned Greene's claims of embarrassment, but a new basis for summary judgment raised in a reply brief is untimely. That argument, if it was intended, was waived and was not considered.

Court of Appeals like <u>Minch v. District of Columbia</u>, 952 A.2d 929 (2008), <u>District of Columbia v. Thompson</u>, 570 A.2d 277 (1990), and <u>Bernstein v. Fernandez</u>, 649 A.2d 1064 (1991).

But this case does not involve just a 6-hour consensual interview by a murder detective of a young hearing-impaired student who was given breaks and food throughout, as in <u>Minch</u>; or a fired library employee about whom a supervisor had written 22 memos recording the employee's poor performance and attendance, as in <u>Thompson</u>; or a landlord who failed to effectively repair leaks and floors, and treat for vermin infestation, as in <u>Bernstein</u>.

If Greene's allegations are true, this is a case where a white on-duty police officer races his car up to block the path of a black off-duty police officer on foot who had committed no crime, tells the black officer to "get the f*** out of the street," disregards Greene's explanation that he was blocked in, tells Greene "didn't I tell you to get the f*** out of the street," grabs Greene's arm, twists it behind Greene's back, throws him against a parked van, responds to Greene's identifying himself as an off-duty police officer and Greene's asking to see an official by saying "you want to see my official? . . . Well, you're locked up," keeps him handcuffed before his friends and family for an hour, and dismisses other black officers who identify Greene as a police officer.  <u>See</u>

Dep. of Abdul Greene, Ex. 1, Pl.'s Mem. of P. & A., ECF No. 44-1 at 26-27.  He also does nothing to intervene when other white officers threaten the black officers who vouched for Greene with arrest and "desk duty," accuse Greene of "being drunk," ignore Greene's request to take a breathalyzer, and berate and insult Greene.  See Pl.'s Mem. of P. & A. at 2; Dep. of Abdul Greene, Ex. 1, Pl.'s Mem. of P. & A., at 35-36; 11/7/2010 Email from Abdul Greene to Michael Anzallo, et al., Ex. 2, Defs.' Mot. to Dismiss, ECF No. 32-2 at 1-2.  These circumstances are not wholly unlike those in Cotton v. District of Columbia, 541 F. Supp. 2d 195 (D.D.C. 2008), which denied summary judgment on an intentional infliction of emotional distress claim where the material facts in dispute concerned an officer responding to a complaint about a knife-yielding woman by allegedly yanking a woman to the ground, handcuffing her, and threatening her with jail and losing custody of her children, despite eyewitnesses telling the officer that she was not the one with the knife but another woman was.

A reasonable jury could find that Shegan's actions constituted "extreme and outrageous conduct exceeding the bounds of decency."  Wade v. Washington Metropolitan Area Transit Authority, Civ. Case No. 01-0334 (TFH), 2005 WL 1513137 at *6 (D.D.C. June 27, 2005).  Thus, the defendants were not entitled to summary judgment on this claim.

## CONCLUSION

Genuine disputes existed over material facts bearing on whether probable cause existed to arrest and use force against Greene and whether Shegan's actions could amount to extreme and outrageous conduct.  Thus, the defendants' motion for summary judgment was denied.

SIGNED this 24th day of August, 2015.


_____/s/_____
RICHARD W. ROBERTS
Chief Judge